This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40447**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**JOHNNY LUCERO,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**   This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**Sufficiency of Evidence to Support Battery on a Peace Officer**

**{2}**     Defendant appeals from his conviction for battery on a peace officer asserting that there is insufficient evidence to support his conviction. "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Further, "appellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Slade*, 2014-NMCA-088, ¶ 15 (internal quotation marks and citation omitted).

**{3}**     The jury instructions for battery on a peace officer required the State to prove beyond a reasonable doubt that: (1) "[D]efendant intentionally touched or applied force to Mauricio Puente by spitting in his face"; (2) "At the time, Mauricio Puente was a peace officer and was performing the duties of a peace officer"; (3) "[D]efendant knew Mauricio Puente was a peace officer"; (4) "[D]efendant's conduct caused a meaningful challenge to the authority of Mauricio Puente"; (5) "[D]efendant acted in a rude, insolent, or angry manner"; and (6) "This happened in New Mexico on or about the 27th day of November, 2019." [RP 140] Defendant contends that the State presented insufficient evidence that his conduct constituted a meaningful challenge to authority. [BIC 2]

**{4}**     According to the brief in chief, Officer Puente testified at trial that Defendant spit on him after they had placed Defendant, who was handcuffed, in the back seat of the police car. [BIC 2] This Court has previously held that spitting on an officer may be sufficient to establish felony liability for battery on a peace officer in *State v. Jones*, 2000-NMCA-047, ¶ 1, 129 N.M. 165, 3 P.3d 142. Defendant, however, contends that *Jones* is distinguishable because Jones committed the battery while the officer was driving. [BIC 3] We are unpersuaded.

**{5}**     In *Jones*, this Court considered the conduct of two defendants that had been charged with battery on a peace officer. Jones had been placed in the rear of the patrol car, and while on the drive to the police station, leaned forward and spat on the officer. *Id.* ¶ 2. This Court held that "a rational, properly instructed jury could find beyond a reasonable doubt that his spitting upon an officer from the rear seat of the officer's car constituted a 'meaningful challenge' to the authority the officer was lawfully exercising over him pursuant to his arrest for DWI." *Id.* ¶ 15. While this Court in *Jones* relied on the fact that the officer was driving his vehicle, it did so in relation to discussing whether an actual threat was posed and not with respect to its determination that a reasonable jury could conclude a meaningful challenge to authority had occurred. *See id.* ("If [the battery occurred while the officer was driving his vehicle], the spitting could pose an actual threat to safety if it affected the officer's ability to operate the vehicle."). The jury

instructions in the present case required the jury to find that Defendant's conduct was a meaningful challenge to authority—the jury was not instructed to find that the spitting posed an actual threat to the officer's safety; therefore, Defendant's point of distinction is unpersuasive.

**{6}**     To the extent Defendant asserts that he was within the control of officers when he spit on Officer Puente, we note that both defendants in *Jones* were within the physical control of officers—Jones had been confined to the rear seat of the patrol car and Cordova was confined to a solitary confinement cell when he spit at a corrections officer through the food tray slot. *Id.* ¶¶ 2, 4. There, we held that a reasonable juror could conclude that the conduct of Jones and Cordova constituted a meaningful challenge to authority. *Id.* ¶¶ 15, 18. Thus, based on the evidence presented, we conclude that a jury could rationally determine Defendant's actions caused a meaningful challenge to the officer's authority.

**{7}**     Furthermore, to the extent Defendant provides additional information about the interaction between him and the officers leading up to his spitting on Officer Puente, this information was for the jury to weigh in reaching its determination. *See State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 (reiterating that "it is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority"). As we explained in *Jones*, determining whether an act is a "meaningful challenge to authority" requires "knowledge of the context in which the battery arose," and that "this question is best left to juries to decide using their collective common sense and wisdom as a guide." 2000-NMCA-047, ¶ 14. Moreover, to the extent that such evidence may be seen as contrary to the jury's verdict, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony, *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482, and this Court may not substitute its judgment for that of the fact-finder when there is sufficient evidence to support the verdict, *see State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{8}**     Based on the foregoing, we affirm Defendant's conviction for battery on a peace officer.

**{9}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**